[Civil No. 702.]

L. H. ORME, Sheriff, Appellant, v. THE FARMERS AND MERCHANTS' BANK, Appellee.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. Webster Street, Judge.

C. W. Wright, and John W. Wright, for Appellant.

W. J. Kingsbury, for Appellee.

November 9, 1900.

PER CURIAM.—This was an action in claim and delivery, brought in the district court of Maricopa County, on October 26, 1895, by the Farmers and Merchants' Bank against L. H. Orme, to recover the possession of a stock of hardware and other chattels, held by the said Orme, as sheriff, under a writ of attachment issued out of said district court in the suit of the John Deere Plow Company against the Arizona Hardware Company, to recover a debt. The Arizona Hardware Company was a domestic corporation, doing business at Tempe, Arizona, and on October 25, 1895, was indebted to the Farmers and Merchants' Bank on an overdue note in the sum of seven hundred and fifty dollars, with interest thereon, and to the said John Deere Plow Company in the sum of $5,826.89, with interest. On that day the latter company brought its suit, and caused the writ of attachment to be placed in the hands of the appellant for service. On the same day, and before the writ was levied by the sheriff, Henry E. Kemp, as president of the Arizona Hardware Company, executed a mortgage to the Farmers and Merchants' Bank upon the

stock and chattels of the company's Tempe store, valued at six thousand dollars, and immediately turned over and delivered the possession of said property to the bank, to control and manage the business until there should be obtained from sales of goods enough money to pay off and discharge its aforesaid note of seven hundred and fifty dollars, with interest, and attorney's fees of one hundred dollars. The appellee entered into, and continued to hold, the actual possession of said mortgaged property until dispossessed by the appellant, who took forcible charge of it under the writ of attachment several hours later in the day. Thereupon the appellee commenced its action and obtained possession from the sheriff by virtue of its writ in claim and delivery. The cause was tried before the district court, sitting without a jury. That court held the possession of the appellant to have been wrongful, and adjudged that the appellee recover the property, with costs. This case was previously before the supreme court at its January term, 1898. The material facts are the same, and the record presents to us no new or different propositions from those which were involved in the former appeal. These questions were fully considered and passed upon in *Farmers etc. Bank* v. *Orme*, 5 Ariz. 304, 52 Pac. 473, and we see no reason for changing the views which are therein expressed. We find no error, and the judgment of the lower court is affirmed.